**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RONALD LYNN WADSWORTH, | ) | |
| ID # 09085522, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-0219-G-BH |
| | ) | |
| LUPE VALDEZ, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for pretrial management.

**I.  BACKGROUND**

Plaintiff, a pretrial detainee in the Dallas County Jail, filed this action pursuant to 42 U.S.C. § 1983 against Dallas County Sheriff Lupe Valdez, Dr. Zia Rehman, and nurse "William C."[1] (Compl. at 1, 3; Answers to Magistrate Judge's Questionnaire ("MJQ"),[2] Answers 1-4.)  He sues Valdez solely due to her position as Sheriff.  (MJQ, Answer 1.)  He sues Dr. Rehman for unconstitutional denial of medical care and the nurse for retaliating against him for filing a prison grievance.  (Compl. at 3, 6-7;[3] MJQ, Answer 3.)  He seeks compensatory and punitive damages. (Compl. at 4.)  No process has been issued in this case.[4]

---

[1]  The unidentified doctor originally listed by Plaintiff as a defendant is actually Dr. Rehman.  The Clerk of the Court shall terminate this action against the "Unknown Doctor."

[2]  Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[3]  The two pages attached to the five-page form complaint (numbered page 4 by Plaintiff) are referred to as pages 6 and 7.

[4]  On March 15, 2010, the Court received correspondence from Plaintiff stating that he is "being seriously retaliated against for the filing of this Civil Action" and that he is merely documenting what is occurring.  If he intends to pursue a retaliation claim against jail personnel, he must do so in a procedurally correct manner.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the

2

deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A. Claims Against Sheriff

Plaintiff sues Sheriff Valdez solely because she supervises the Dallas County Jail. (*See* MJQ, Answer 1.)

To prevail against a supervisor under 42 U.S.C. § 1983, a plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.*

Plaintiff concedes that Valdez was not personally involved in any alleged constitutional violation, (*see* MJQ, Answer 1), and neither the complaint nor the answers to the MJQ allege that Valdez directly or indirectly caused any alleged constitutional violation or was deliberately indifferent to a violation of Plaintiff's constitutional rights. Nor does he identify any policy of the Sheriff that impinged his constitutional or federally protected rights. Because his claims against the Sheriff are based solely on her supervisory role, he fails to state a plausible claim against her.

## B. Claim Against Doctor

Plaintiff claims that Dr. Rehman was deliberately indifferent to his serious medical needs. (Compl. at 3, 6-7; MJQ, Answer 3.)

The Constitution requires humane conditions of confinement, including adequate medical

3

care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[5] Prison officials violate this requirement only when (1) the deprivation is "objectively, 'sufficiently serious'" in that the alleged act or omission results "in the denial of 'the minimal civilized measure of life's necessities'" and (2) the official had "a 'sufficiently culpable state of mind.'" *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. This "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Similar conduct includes intentionally "delaying access to medical care" and "interfering with treatment once prescribed."

---

[5] A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In contrast, a failure to provide additional treatment may show medical malpractice but not deliberate indifference; decisions to provide additional treatment are matters of medical judgment. *Id.* at 107. Neither an incorrect diagnosis nor a plaintiff's disagreement with medical treatment suffice to state a claim. *Domino*, 239 F.3d at 756*; Gobert*, 463 F.3d at 346; *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001)*; Estelle*, 429 U.S. at 107-08.

Here, Plaintiff claims that Dr. Rehman denied him proper medical care from November 6, 2009, through late December 2009. (Compl. at 3, 6-7; MJQ, Answers 3, 5.) More specifically, he says he arrived at the Dallas County Jail on November 6, 2009, with severe medical conditions – cancer and injuries resulting from alleged excessive force during his arrest -- for which he had been treated by Tarrant County medical staff. (Compl. at 6.) Although Dr. Rehman allegedly knew that Plaintiff had been diagnosed with cancer, he prescribed Motrin after his intake evaluation even though Plaintiff had informed him he could not take that drug. (*Id.*; MJQ, Answer 3.) Plaintiff next saw Dr. Rehman thirty days later, after five "medical kites" claiming a pain level of "8-9"; Dr. Rehman prescribed blood pressure medication and told Plaintiff he would take care of the pain but did not do so. (MJQ, Answer 3.) After Plaintiff explained at his next visit that he had high blood pressure due to severe pain, the doctor only increased the dosage of the blood pressure medication but did nothing for the pain. (*Id.*) Plaintiff alleges that Dr. Rehman never requested medical records related to his cancer, ordered X-rays of his chest, or even listened to his chest. (Compl. at 6-7; MJQ, Answer 3.) Plaintiff saw a different doctor on December 29, 2009, who immediately prescribed medication that she said he should have been taking since his arrival. (Compl. at 7.) At that time, he was transferred to infirmary and X-rays were ordered, which led to an MRI and CAT and PET

scans. (*Id.*) Surgery was ordered for degenerative disc disease and injuries from the alleged excessive force during arrest. (*Id.*)

Plaintiff has alleged sufficient facts to state a plausible claim against Dr. Rehman for denial of proper medical care. He has alleged specific facts to support his allegation that Dr. Rehman was deliberately indifferent to his serious medical needs, and his allegations go beyond disagreement with his treatment. This claim should therefore proceed against Dr. Rehman.

## C. Claim Against Nurse

Plaintiff claims that a nurse retaliated against him for filing a prison grievance. (Compl. at 3; MJQ, Answer 4.) Although Plaintiff has identified the nurse by his first name, he did not provide adequate identifying information to serve this defendant. *See Gonzales v. Lew Sterrett Dallas County Jail*, No. 3:08-CV-1510-D, 2008 WL 4921428, *3 (N.D. Tex. Nov. 13, 2008) (accepting recommendation of Mag. J.).

In his answers, Plaintiff says he has no objection to dismissing the nurse because he is a secondary defendant with "minimal" liability and because he has been unable to properly identify him. (MJQ, Answer 4.) Based on the lack of objection and the limited identifying information, the claim against the nurse should be dismissed without prejudice.

## IV. RECOMMENDATION

The Court should summarily **DISMISS** Plaintiff's claims against Sheriff Valdez with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and **DISMISS** his claim against the nurse identified as "William C." without prejudice. Plaintiff's claim against Dr. Rehman should proceed and process should be ordered.

**SIGNED this 26th day of March, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE