IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD LYNN WADSWORTH, | ) | |
| ID # 09085522, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-0219-G-BH |
| | ) | |
| ZIA REHMAN, M.D., | ) | |
|     Defendant. | ) | Referred for Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management. Before the Court is Plaintiff's *Motion for Federal Injunction* ("Mot."), received August 13, 2010, (doc. 35). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

Plaintiff is an inmate in the Dallas County Jail who sues Dr. Zia Rehman under 42 U.S.C. § 1983 for alleged unconstitutional denial of medical care. (Compl.[1] at 3, 6-7;[2] Magistrate Judge's Questionnaire Answers ("MJQ"), Ans. 3.) He seeks an injunction because his "Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights" have been violated, he has been held without bail since October 28, 2009, and he has been maliciously prosecuted on invalid charges. (Mot. at *Id.* at 1-4.) With respect to alleged denial of medical care, he asserts that he is still waiting for certain treatment. (*Id.* at 5.) He also claims that he has been harassed and retaliated against since filing his complaint. (*Id.* at 5-7.) He seeks an injunction to restrain defendant from further constitutional violations and to obtain release from the Dallas County Jail. (*See id.* at 8-9.)

---

[1] Although Plaintiff has moved to amend his complaint to add two defendants, the original complaint remains the relevant basis for his claims at this time.

[2] The two pages attached to the five-page form complaint (numbered page 4 by Plaintiff) are referred to as pages 6 and 7.

## II. TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Plaintiff seeks a temporary restraining order ("TRO") or preliminary injunction pursuant to Fed. R. Civ. P. 65. A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, Plaintiff has not shown that he has given the required notice to the defendant or served his motion or complaint on defendant. The motion's certificate of service only states that he mailed the motion to this Court. Neither has Plaintiff satisfied the requirements of Rule 65(b) by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required, or by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that would result before defendants can be heard in opposition. Although Plaintiff declares under penalty of perjury that the facts stated in his motion are true and correct, he does not state any facts addressing the requirements of Rule 65(b).

To obtain a TRO, Plaintiff must satisfy the substantive requirements for a preliminary injunction. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the

rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The primary purpose of granting a preliminary injunction is "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). Accordingly, to obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Plaintiff's motion does not address the requirements for a preliminary injunction. (*See generally* Mot.) Most of the issues raised in the motion do not relate to the medical care claim against Dr. Rehman.[3] The motion does not address the public interests or weigh any threatened injury against damage to the defendant. (*See id.* at 5.) Nor does Plaintiff show any substantial likelihood of success or threat of irreparable injury. (*See id.*) Injuries are irreparable only when they "cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (quoting *Enter. Int'l, Inc.*, 762 F.2d at 472-73). Because Plaintiff's injuries can be remedied through money damages if he succeeds on the claim against Dr. Rehman, he has not shown a substantial threat of irreparable injury. Plaintiff has not carried his burden to

---

[3] A substantial part of Plaintiff's motion seeks his release from custody based on alleged constitutional violations relating to the validity of his detention or the charges against him. However, this type of relief is available only through the federal habeas process under 28 U.S.C. § 2241 or § 2254.

show that a temporary restraining order or preliminary injunction should issue.

## III. RECOMMENDATION

Plaintiff's *Motion for Federal Injunction*, received August 13, 2010, (doc. 35) should be **DENIED**.

**SO RECOMMENDED on this 24th day of August, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE